# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON, SR.,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

/

CASE NO. 1:09-cv-01402-SMS PC

ORDER DIRECTING PLAINTIFF TO ADVISE IF DESIRES TO VOLUNTARILY DISMISS THE ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 41

(Doc. 11)

Plaintiff Curtis Lee Henderson, Sr., a state prisoner proceeding pro se, filed this action on July 30, 2009, pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis on August 18, 2009. On February 10, 2010, after discovering that Plaintiff had three strikes, an order issued revoking Plaintiff's in forma pauperis status. On March 25, 2010, Plaintiff filed a "Motion for Voluntary Withdrawal Without Prejudice" in which he requests: (1) to voluntarily withdraw the case without prejudice; (2) that the voluntary withdrawal not operate as an adjudication upon the merits of the complaint; and (3) that the withdrawal be without prejudice to its refiling at a later date when the Plaintiff is able to pay the required filing fee.

Ordinarily, such a motion would be construed as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(I) as, at this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims, without prejudice. Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001). However, Plaintiff's requests as to the effect of his voluntary withdrawal of this action cause some pause since Rule 41(a)(1)(B) notes that, unless noted

otherwise, a dismissal thereunder "is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Plaintiff presents no information as to whether he has previously dismissed any federal- or state-court action based on or including the same claim to discern whether dismissal would operate as an adjudication on the merits. The Court is bound to follow the Federal Rules of Civil Procedure and is not at liberty to order that a voluntary dismissal will not operate as an adjudication on the merits if Plaintiff has previously dismissed any federal- or state-court action based on or including the same claim(s). Given this proviso, the Court is uncertain whether Plaintiff continues to desire voluntary dismissal this action.

Accordingly, within thirty (30) days of the date of service of this order, Plaintiff is directed to file a statement advising whether he desires to voluntarily dismiss this action under Rule 41. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated: April 12, 2010** **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE